# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VST 2020-NPL1 REO, LLC,<br><br>PLAINTIFF(S)<br>v.<br><br>Ashley Aarons, et al.,<br><br>DEFENDANT(S) | CASE NUMBER<br><br>2:23-cv-05999-AB-AGR<br><br>ORDER ON REQUEST TO PROCEED<br>*IN FORMA PAUPERIS*<br>(NON-PRISONER CASE) |

The Court has reviewed the Request to Proceed *In Forma Pauperis* (the "Request") and the documents submitted with it. On the question of indigency, the Court finds that the party who filed the Request:

☒ is not able to pay the filing fees.   ☐ is able to pay the filing fees.

☐ has not submitted enough information for the Court to tell if the filer is able to pay the filing fees. This is what is missing:

**IT IS THEREFORE ORDERED** that:

☐ The Request is GRANTED.

☐ Ruling on the Request is POSTPONED for 30 days so that the filer may provide additional information.

☐ The Request is DENIED because the filer has the ability to pay.

☒ As explained in the attached statement, the Request is DENIED because:

☒ The District Court lacks ☒ subject matter jurisdiction ☒ removal jurisdiction.
☐ The action is frivolous or malicious.
☐ The action fails to state a claim upon which relief may be granted.
☐ The action seeks monetary relief against defendant(s) immune from such relief.

**IT IS FURTHER ORDERED** that:

☐ Within 30 days of the date of this Order, the filer must do the following:

If the filer does not comply with these instructions within 30 days, this case will be DISMISSED without prejudice.

☐ As explained in the attached statement, because it is absolutely clear that the deficiencies in the complaint cannot be cured by amendment, this case is hereby DISMISSED ☐ WITHOUT PREJUDICE ☐ WITH PREJUDICE.

☒ This case is REMANDED to state court as explained in the attached statement.
**Plaintiff's Ex Parte Request to Remand (Dkt. No. 7) is DENIED AS MOOT.**

August 3, 2023                                         /s/ signature
_____                                    _____
Date                                                   United States District Judge

Defendants are parties to an unlawful detainer action filed in the Los Angeles County Superior Court. (ECF No. 1 at 12.) Defendants have filed a Notice of Removal of the action to this Court and have submitted the state court complaint. (ECF No. 1.)

The removing defendant bears the burden of establishing federal jurisdiction. Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 682 (9th Cir. 2006). Failure to do so requires that the case be remanded, as "[s]ubject matter jurisdiction may not be waived, and … the district court must remand if it lacks jurisdiction." Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) (citation omitted). A review of the Notice of Removal and state court complaint demonstrates the Court lacks subject matter jurisdiction over the action for the following reasons:

Plaintiff's claims for relief rely solely on state law. To the extent that Defendants assert that they have defenses based on federal questions, "the existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." ARCO Env't Remediation, L.L.C. v. Dept. of Health and Env't Quality, 213 F.3d 1108, 1113 (9th Cir. 2000). An "affirmative defense based on federal law" does not "render[] an action brought in state court removable." Berg v. Leason, 32 F.3d 422, 426 (9th Cir. 1994).

Similarly, to the extent that Defendants may intend to raise federal counterclaims, they do not give rise to federal jurisdiction. Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc., 535 U.S. 826, 831 (2002) ("[A] counterclaim–which appears as part of the defendant's answer, not as part of the plaintiff's complaint–cannot serve as the basis for 'arising under' jurisdiction."); Takeda v. Nw. Nat. Life Ins. Co., 765 F.2d 815, 822 (9th Cir. 1985) ("We have held that '[r]emovability cannot be created by defendant pleading a counter-claim presenting a federal question . . . .'") (quoting Rath Packing Co. v. Becker, 530 F.2d 1295, 1303 (9th Cir.1975)).

==Plaintiff's Ex Parte Request to Remand (Dkt. No. 7) is DENIED AS MOOT.==